T.C. Memo. 2011-142

UNITED STATES TAX COURT

LEONARD AND PEARL FEIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15166-09.                    Filed June 22, 2011.

Leonard and Pearl Fein, pro sese.

Deborah Aloof, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined deficiencies,
penalties, and additions to tax with respect to petitioners'
Federal income taxes for 2002, 2003, and 2004 as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a) | Penalties Sec. 6662(a) |
|------|-----------|-------------------------------|------------------------|
| 2002 | $41,465 | $9,735 | $8,293 |
| 2003 | 42,771 | 10,064 | 8,554 |
| 2004 | 54,959 | 13,076 | 10,992 |

The issue for decision is whether petitioners have substantiated claimed business and entertainment expenses under sections 162, 274, and 6001 relating to Leonard Fein's (petitioner's) accounting and photographic activities.  The trial of this case was held on November 30 and December 1, 2010, in New York City.

Unless otherwise indicated, all section references are to the Internal Revenue Code applicable to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioners resided in New York.

Since the late 1970s petitioner has been a certified public accountant.  From 1993 through most of 2000, however, petitioner did not work as an accountant.

In 2000 and through the years in issue petitioner resumed his accounting activity, including the preparation of tax returns.

During the years in issue petitioner also engaged in some photographic activity. The evidence does not indicate that petitioner received any training in photography.

Petitioner paid his children what petitioner refers to as "per diem", allegedly in connection with services they performed in petitioner's accounting activity. These per diem payments, however, appear to have been set at amounts that would allow the children to benefit from the earned income tax credit, not at amounts that reflect the value of any services the children actually performed for petitioner, and the credible evidence does not establish the nature and extent of any services the children performed for petitioner.

Petitioner paid little attention to recordkeeping and financial aspects of his accounting and photographic activities. Documentation petitioner maintained regarding his accounting and photographic activities was disorganized and incomplete. Petitioner maintained no credible records and no bank accounts relating to these activities, and petitioner commingled funds relating to these activities with funds pertaining to his personal and family activities.

During the years in issue petitioner lived in his father's house with between 10 to 18 other family members and individuals. Other than petitioner, none of the persons living in this house owned a car. The car petitioner owned and used in his accounting

and photographic activities was also used by petitioner and by other persons living with petitioner for their personal use.

In some of the office space petitioner apparently rented, petitioner had no phone lines or Internet connections.  The eight phones that petitioner alleges to have used in his accounting and photographic activities were all registered in the names of petitioner's wife and children.

During the years in issue petitioner had severe medical problems--poor eyesight, stomach ailments, and eating disorders.  In 2004 petitioner traveled to Israel and while there received medical treatment for his eye problems.

Petitioners' Federal income tax returns for 2002, 2003, and 2004 were filed late on February 20, March 3, and March 13, 2006, respectively, on which returns petitioner reported the following gross income relating to his accounting and photographic activities:

<u>Gross Income</u>

| Year | Accounting | Photography | Total |
|------|-----------|-------------|-------|
| 2002 | [1]$98,610 | $53,910 | $152,520 |
| 2003 | 100,220 | 63,616 | 163,836 |
| 2004 | 124,200 | 74,080 | 198,280 |

[1]In connection with petitioners' 2002 Federal income tax return, petitioners and respondent dispute which copy of the Schedule C, Profit or Loss From Business, relating to petitioner's accounting activity was filed.  We use the figures from the Schedule C respondent asserts was filed.

On each of petitioners' Federal income tax returns for the years in issue, petitioner attached two Schedules C, Profit or Loss From Business, the first relating to petitioner's accounting activity and the second relating to his photographic activity.

The table below summarizes for each year in issue the expenses petitioner claimed on the Schedules C as deductible business expenses relating to petitioner's accounting and photographic activities.

### Accounting--Schedule C-1

| | Years | | |
|---|---|---|---|
| Expenses | 2002 | 2003 | 2004 |
| Depreciation | $10,507 | $12,291 | $13,255 |
| Rent | 18,000 | 19,600 | 21,600 |
| Postage | 3,971 | 4,209 | 4,672 |
| Telephone & Internet | 4,269 | 4,316 | 4,520 |
| Per diem | 13,250 | 13,960 | 28,200 |
| Office | 5,316 | 5,762 | 6,572 |
| Repairs & maintenance | 369 | 0 | 0 |
| Supplies | 1,838 | 1,974 | 2,139 |
| Professional books | 439 | 463 | 524 |
| Tax & computer forms | 512 | 502 | 624 |
| Computer tax programs | 7,669 | 8,034 | 7,226 |
| Computer supplies | 4,639 | 0 | 0 |
| Other | 572 | 609 | 1,024 |
| Tolls & parking | 4,312 | 4,609 | 4,763 |
| Car & truck | 7,696 | 8,394 | 8,734 |
| Promotion & gifts | 3,312 | 3,570 | 3,698 |
| Travel | 0 | 0 | 1,760 |
| Meals & entertainment | 1,534 | 1,718 | 2,010 |
| Total expenses | 88,205 | 90,011 | 111,321 |

Photography--Schedule C-2

|                       |        | Years  |        |
|-----------------------|--------|--------|--------|
| Expenses              | 2002   | 2003   | 2004   |
| Depreciation          | $7,888 | $11,460| $14,136|
| Postage               | 1,217  | 1,334  | 1,473  |
| Telephone             | 1,338  | 1,296  | 1,489  |
| Office expense        | 1,834  | 1,768  | 1,636  |
| Repairs & maintenance | 338    | 309    | 256    |
| Supplies              | 1,743  | 1,917  | 1,873  |
| Printing & developing | 14,372 | 15,968 | 20,192 |
| Computer programs     | 6,597  | 6,219  | 7,618  |
| Computer supplies     | 3,487  | 4,383  | 3,974  |
| Publications          | 626    | 734    | 1,160  |
| Videotapes & discs    | 4,312  | 4,297  | 3,974  |
| Research material     | 2,472  | 3,874  | 3,098  |
| Car & truck           | 3,626  | 3,917  | 4,024  |
| Promotion & gifts     | 1,594  | 2,016  | 2,619  |
| Travel                | 0      | 0      | 2,468  |
| Meals & entertainment | 874    | 1,105  | 1,098  |
| Total expenses        | 52,318 | 60,597 | 71,088 |

On the basis of the above-reported income and expenses, petitioners reported on their 2002, 2003, and 2004 Federal income tax returns net profit from petitioner's accounting and photographic activities as follows:

Net Profit

| Year | Accounting | Photography | Total   |
|------|-----------|-------------|---------|
| 2002 | $10,405   | $1,592      | $11,997 |
| 2003 | 10,209    | 3,019       | 13,228  |
| 2004 | 12,879    | 2,992       | 15,871  |

On audit respondent disallowed in their entirety the claimed business expenses relating to petitioner's accounting and photographic activities reflected on petitioners' untimely filed Federal income tax returns for 2002, 2003, and 2004, determined the tax deficiencies at issue herein, and imposed on petitioners

the section 6651(a)(1) late-filing additions to tax and the section 6662(a) accuracy-related penalties.

Much of the documentation petitioner offered at trial relating to his accounting and photographic activities is illegible, with dates, prices, and descriptions unreadable. Testimony petitioner gave with regard to his proffered documentation was generally vague and inadequate. Petitioner testified that bills for expenses relating to his accounting and photographic activities were the responsibility of his wife--that he never saw the bills, never paid the bills, and never checked whether his wife had paid the bills. Petitioner, however, did not call his wife, his children, or others to testify at the trial.

## OPINION

Respondent claims that petitioner in 2002, 2003, and 2004 was not engaged in a trade or business of accounting or photography and alternatively that petitioner is not entitled to the claimed expenses relating thereto for lack of proper and adequate documentation and substantiation. We address only respondent's lack of substantiation argument.

Taxpayers have a responsibility to maintain records sufficient to determine their correct Federal income tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440

(2001).  No deduction is allowed for personal, living, or family expenses unless expressly provided by law.  Sec. 262(a).

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving he or she is entitled to the deductions claimed.[1]  Rule 142(a); <u>New Colonial Ice Co. v. Commissioner</u>, 292 U.S. 435, 440 (1934).  Taxpayers must be able to substantiate both the amount paid and the purpose of claimed deductions.  <u>Higbee v. Commissioner</u>, <u>supra</u> at 440.

At trial petitioner did not credibly explain how he accounted for the income received and the expenses incurred in his accounting and photographic activities.  Petitioner stated he gave funds received to his wife and she did whatever she wanted with them.

As noted above, documentation petitioner offered to substantiate claimed expenses relating to his accounting and photographic activities is illegible, some of it is blank, and much of it is not in petitioner's name, but rather in the names of petitioner's wife and children.  Much of the documentation that is legible is utterly unclear as to the purpose of the claimed expense--whether personal, accounting, or photography-- and no further explanatory evidence is provided.

---

[1]Because petitioner has not maintained and submitted adequate records to substantiate his claimed expenses, petitioners do not qualify for a shift in the burden of proof under sec. 7491(a).  See sec. 7491(a)(2).

Petitioner produced no credible documentation with regard to claimed gasoline purchases, car repairs expenses, and toll costs.

Documentation petitioner produced in support of car and truck expenses, gifts and promotions, meals, entertainment, and travel does not meet the recordkeeping requirements of section 274(d).

There is no credible evidence that petitioners' children worked in any meaningful way for petitioner in either his accounting or his photographic activities that would have justified the per diem payments petitioner paid to them.

In support of claimed depreciation, petitioner offers a list of assets for 2006. This list is insufficient to establish that petitioner purchased and placed into service the depreciable assets and that the depreciation amounts petitioner claimed during the years in issue were correct.

Petitioner claims that some of the documentation relating to his accounting and photographic activities was destroyed in a fire or lost as a result of a computer crash. Petitioner submitted numerous general receipts at trial but has provided no credible evidence that the purpose for those expenses related to petitioner's accounting and photographic activities, and petitioner's ability to produce numerous receipts calls into question petitioner's allegation that a fire or a computer crash occurred that destroyed his records.

Over the course of the 3 years in issue, petitioner claims approximately $8,000 in meal and entertainment expenses. The diary petitioner offers in support of these expenses, however, inadequately describes the business relationship between petitioner, the named client, and any business purpose for the expenses. See sec. 274(d).

Petitioner claims his 2004 trip to Israel qualifies as a business trip in his photographic activities. However, no credible evidence supports that claim; rather, it appears petitioner's trip to Israel related to needed medical treatments.

In summary, we sustain respondent's disallowance of all of the expenses claimed on the Schedules C-1 or C-2 on petitioners' 2002, 2003, and 2004 Federal income tax returns.

Respondent has satisfied his burden of production under section 7491(c), and petitioners have not established any reasonable cause with regard to the late filing of petitioners' 2002, 2003, and 2004 Federal income tax returns and the underpayments associated therewith. See Higbee v. Commissioner, supra at 447. The credible evidence does not establish that petitioner's (or other family members') medical problems incapacitated petitioner from filing timely and proper Federal income tax returns for the years in issue. See Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999).

We sustain respondent's imposition of both the section 6651 late-filing additions to tax and the section 6662(a) accuracy-related penalties.

To reflect the foregoing,

Decision will be entered for respondent.